WINDSOR AUDIT COMPANY *v.* THORNBROUGH,
COMMISSIONER OF LABOR.

5-906                                   288 S. W. 2d 594

Opinion delivered April 2, 1956

*Gayle Windsor, Jr.,* for appellant.

*Sam M. Bains* and *Luke Arnett,* for appellee.

PAUL WARD, Associate Justice. Appellant, the Windsor Audit Company, a corporation, as an employer in 1947 became subject to the Arkansas Employment Security Act (Ark. Stats. § 81-1101 et seq.). As such employer it paid to the state 2.7 per cent of its annual payroll each year. The 2.7 percentage just mentioned was fixed by Ark. Stats. § 81-1108(c)(3)(I). Appellant did not make payments to the state for all the calendar year 1951 and the first three quarters of 1952. Under the law as it then existed and prior to 1955 if appellant had not failed to make payments as stated above then it would have been entitled [in case of a favorable experience rating] to have its percentage of payment reduced under subsections 81-1108(c)(3)(II)(A)(B)(C)(D). Appellant would have been entitled to this chance for a reduction in percentage because it would have been continually making payments for three years or more under the subsection (I) above mentioned.

However in 1955 the legislature passed Act 395 amending portions of the Employment Security Act. Section 22 of said Act re-enacted subsection (I) mentioned above and made an addition thereto, which amendment or addition is the basis of the controversy causing this appeal. Set out below we copy in full the

original subsection (I) and the amendatory section. The original subsection will be in small print and the amendatory portion will be set out in capitals.

"(I) Each employer's rate shall be 2.7 per centum except as otherwise provided in the following provisions. No employer's rate shall be less than 2.7 per centum unless and until there shall have been three years throughout which any individual in his employ could have received benefits if eligible. PROVIDED THAT, FOR THE TWELVE (12) MONTH PERIOD COMMENCING APRIL 1, 1955, AND FOR EACH TWELVE (12) MONTH PERIOD THEREAFTER, AN EMPLOYER WHO HAS NOT BEEN SUBJECT TO THE LAW FOR A SUFFICIENT PERIOD TO MEET THIS REQUIREMENT MAY QUALIFY FOR A RATE LESS THAN 2.7 PER CENTUM IF HIS ACCOUNT HAS BEEN CHARGEABLE THROUGHOUT A LESSER PERIOD BUT, IN NO EVENT, LESS THAN THE ONE-YEAR PERIOD ENDING ON DECEMBER 31 OF THE PREVIOUS CALENDAR YEAR."

It is the contention of appellant that it is now entitled to have the percentage of its payments reduced [having been making payments for more than a year] under the provisions of the amendment which, appellant says, shortens the experience rating period from three years to one year. It is the contention of appellees that the old law, as it is set out in small print above, applies to appellant, and that appellant is not entitled to take advantage of the one year period.

After a careful examination of the applicable provisions of the statutes we have concluded that appellees' interpretation is correct. It will be noted from the amendatory act copied above that the one year period applies to "an employer who has *not* been *subject to the law,* etc.," referring to the law existing previous to the 1955 amendment. The one year period therefore cannot apply to appellant because it has since 1947 been subject to the Employment Security Act.

To hold in accordance with appellant's contention would be to hold that the portion of the statute quoted

in small type is surplusage and a nullity. This would be true because any employer, whether a new one who had been in business for less than three years or an old employer who was in the status that appellant now occupies, would be eligible to qualify under the one year provision, and consequently there would be no case in which the old law would be applicable.

Affirmed.